FILED

2023 Jul-26  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KARIMU MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:23cv807 AMM** |
| | ) | |
| **TRUEACCORD CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## INITIAL ORDER
## GOVERNING ALL FURTHER PROCEEDINGS

This order governs all further proceedings in this court. The court assumes that all attorneys and *pro se* parties have read this order and the Local Rules of the Northern District of Alabama and will comply with them. The Local Rules are available at www.alnd.uscourts.gov.

## I.      DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

### A. The Planning Conference

Federal Rule of Civil Procedure 26(f) requires the parties to confer "as soon as practicable," which in this action is no later than twenty-one days from the date of this order. At this planning conference, the parties must, at a minimum:

- Discuss the nature and basis of their claims and defenses;

- Discuss the possibility of a prompt settlement or resolution of the case (*see also infra* Part I.D);

- Make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1);

- Develop a proposed discovery plan that indicates the parties' views and proposals concerning the matters addressed in Rule 26(f)(1)-(4); and, in appropriate cases,

- Consider whether to consent to the exercise of Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

If the parties fail to agree within seven days of the date of this order upon a date, time, or place for such conference, the parties are hereby **ORDERED** to telephone the chambers of the undersigned judge to report their failure to so agree and receive further instructions. If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

### B. Report of the Planning Conference

Within fourteen days of the planning conference, the parties must jointly file a report with the Clerk of Court that follows the general format of Appendix III to this order. The report should include a brief synopsis of the case that advises the court of the general claims and defenses of the parties. Such synopsis must not exceed one page. Should the parties disagree about an item in the report, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

When preparing the report, the parties should be aware that absent extraordinary circumstances, this case should be ready for trial within fifteen months from the date of service of the complaint. If the parties believe that the case will take

more than fifteen months to bring to trial, the parties must state with specificity their grounds for suggesting deadlines beyond that time frame.

The report must include a discovery plan stating the parties' views and proposals on:

- any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; and

- any issues about claims of privilege or of protection as trial-preparation materials. If the parties agree on a procedure to assert these claims after production (*i.e.*, a "clawback" agreement), the report should include a statement whether they want the court's scheduling order to adopt their agreement under Federal Rule of Evidence 502.

Upon receipt of the report, the court may set a Federal Rule of Civil Procedure 16(b) scheduling conference. If the parties would like for the court to set such a conference, the parties should request one in their report.

### C. Compliance with HIPAA

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when Protected Health Information is relevant to the claims or defenses presented in an action, the party seeking such Protected Health Information must present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such Protected Health Information is sought.

The parties may file with the court a motion for a qualified protective order, to which all parties stipulate, and, contemporaneously with that filing, e-mail to Manasco_chambers@alnd.uscourts.gov, a proposed qualified protective order, in substantially the form attached to this order as Appendix I, to be entered by stipulation of counsel for all parties.

### D. Suitability of Action for Alternative Dispute Resolution

To avoid unnecessary costs and fees, the court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at the planning conference. The parties must also consider and discuss at that time whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise. The parties should expect the court to order this case to mediation before the submission of dispositive motions.

### E. Commencement of Discovery

The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 immediately after the required planning report has been filed. In cases removed from state court in which any discovery requests were filed before such removal, those discovery requests shall be deemed to have been filed on the date the parties file the required planning report. The court instructs the parties to review Local Rule 5.3 regarding the non-filing of discovery materials in civil cases.

## II. Dismissal of Non-Served Defendants

Any defendant who has not been served with a summons and complaint within ninety days after the filing of the complaint, or within ninety days after the party was added to the action, may be dismissed without further order of the court unless the party on whose behalf such service is required shows good cause why service has not been perfected.

## III.  Submissions Procedures

### A. CM/ECF Record

The official record of this case is maintained electronically pursuant to CM/ECF. Documents must be filed through CM/ECF in Portable Document Format ("PDF"), unless submitted by a party appearing *pro se*, in which instance documents should be filed with the Clerk of Court. Except in extraordinary circumstances, all filings must be consistent with the Civil Administrative Procedures Manual found on the court's website.

### B. Protected Information

Counsel are reminded to comply with the Administrative Procedures Manual's requirements for redacting personal identifiers (*e.g.*, Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, and bank account or credit card information) and other personal or sensitive information in compliance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899 (2002), and regulations promulgated thereto.

The parties must comply with the Administrative Procedures Manual when filing materials under seal.

### C. Required Electronic Submissions to Chambers

Counsel must e-mail a copy of any filed motion or brief, and any proposed order, to Manasco_chambers@alnd.uscourts.gov. All digital copies should be sent in Microsoft Word format. All communications to the chambers e-mail address must show a copy to opposing counsel or *pro se* parties. If a *pro se* party does not have an e-mail address on file, the sender must certify that a copy of the communication will be sent to the physical address given.

### D. Required Paper Submissions to Chambers

For all submissions exceeding fifty pages (including exhibits), the filing party must submit, within three business days of filing, an exact courtesy copy of the submission, reflecting the CM/ECF filing stamps at the top of each page, to the Clerk's office for delivery to chambers. Deliveries are not accepted in chambers. **All hard copies must be double-sided** and securely bound, whether in a three-ring binder or with a large clip.

## IV.    Particular Cases

The court's website contains standard orders for fee-shifting cases and cases that involve EEOC charges. If a party anticipates that it may, for any reason other than as a sanction under the Federal Rules of Civil Procedure, seek an award of fees from the opposing party pursuant to a statute or common law or an agreement between the parties, then the party must comply with the mandatory rules of fee-shifting cases. Failure to comply may result in denial of a request for attorney's fees.

## V.    Motion Practice

All motions must comply with the requirements of this order. Except for good cause shown, motions and briefs that do not conform to the requirements of this order may be stricken. Materials submitted after the close of the submission schedule will not be considered absent leave of court.

### A. Format

The parties' motions and briefs must be in Times New Roman font and fourteen-point type, except that footnotes may be in twelve-point type. Documents must be double-spaced except that footnotes and indented quotations may be single-spaced. The court will not consider arguments incorporated by reference to earlier filings and will not consider substantive arguments raised only in footnotes. Citations to the record must refer to the CM/ECF document number, page number, and, where available, paragraph or line number.

Requests for oral argument, if applicable, must appear on the first page of the motion, brief, or opposition directly below the case number in the caption of the pleading.

For all motions other than summary judgment motions, an indication whether the motion is opposed or unopposed must appear in both the **title** and the caption of the motion.

### B. Separately Filed Exhibits

When parties submit evidentiary materials in connection with a motion, brief, or response thereto (except on summary judgment), each exhibit must be separately filed in CM/ECF as its own sub-document to the motion, brief, or response thereto, which should be designated in CM/ECF as the main document. For example, a motion might be Doc. 12, and exhibit A to that motion would be Doc. 12-1. Special requirements for separately filed evidentiary submissions in connection with summary judgment motions are enumerated in Appendix II, *infra*.

Parties must contact chambers for further instructions to submit evidentiary materials that may not be electronically filed through CM/ECF, such as video recordings or physical items.

### C. Proposed Orders

Any motion, opposition, or reply may be accompanied by a proposed order. **All proposed orders must be both filed in CM/ECF (as a separate sub-document**

**to the main filing) and e-mailed (in Microsoft Word format) to the chambers e-mail address**.

### D. Dispositive Motions

Any motion for summary judgment filed in this action must comply with all requirements of Appendix II to this order. Any other dispositive motion must comply with the requirements of Appendix II to the extent practicable.

### E. Other Motions

A party filing a motion that is not a summary judgment motion may either incorporate in the motion the arguments and authorities upon which it relies, or simultaneously file a separate brief with its motion. The total number of pages filed must not exceed fifteen (exclusive of exhibits).

If the court requires briefing, the court will set a briefing schedule. If a non-moving party wishes to file an opposition, counsel for that party may send a message to Manasco_chambers@alnd.uscourts.gov to request a briefing schedule. If the non-moving party does not promptly request a briefing schedule, the court may rule on a motion without briefing. Responsive briefs are limited to fifteen pages, exclusive of exhibits. Reply briefs, if any, are limited to ten pages. Sur-replies are not permitted without leave of court.

### F. Motions About Discovery Disputes

Parties must seek leave of the court before filing a motion about a discovery dispute. Counsel for the moving party must confer with opposing counsel to attempt

to resolve their disagreements regarding discovery. If the parties are unable to resolve their dispute in that manner, then the party filing the motion for leave of the court shall describe all efforts taken to resolve the disputed matter and shall certify in the motion that the parties conferred pursuant to this order and were unable to reach an agreement. If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney shall describe in the motion the attorney's efforts to contact and coordinate with opposing counsel. Failure to include a statement of the parties' attempt to resolve the matter without the court's intervention may result in an automatic denial of the motion.

If a motion for leave is opposed, the non-moving party may file a response within three days. The motion for leave must specify the nature of the discovery dispute and the steps the parties have taken to resolve it. The motion for leave need only include the facts relevant to the dispute; legal argument and citations are not necessary in the motion for leave. If the court grants leave, the moving party must file the discovery motion no later than the next business day.

### G. Motion of Counsel to Withdraw

Once an attorney has appeared as counsel for a party, he or she may not withdraw from the action merely by filing a "notice of withdrawal," but must file a motion stating the specific grounds for withdrawal and seeking permission of the court to do so. Any motion to withdraw which, if granted, would leave a party

unrepresented by counsel must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court. The motion must also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

### H. Motions for Extension of Time

Absent extraordinary unforeseen circumstances, any motion for an extension of any deadline must be filed three or more days before the deadline sought to be extended. Motions for an extension of time that do not satisfy this requirement will ordinarily be automatically denied. Successive requests for extensions by the same party are disfavored. Parties may agree among themselves to adjust deadlines for expert testimony without leave of court so long as such adjustments are agreed upon by all parties and do not affect the discovery cutoff or dispositive motions deadline.

**Extensions for the deadlines set to complete all discovery and file dispositive motions will not be granted absent extraordinary cause. In the event extraordinary cause is shown, only one extension will be granted.**

Any motion to extend the deadline to complete all discovery must state when the moving party first propounded discovery requests and/or noticed depositions and must include any other information that will help the court determine how effectively the parties have used the amount of time originally allowed for discovery.

### I.  Motions To Seal

Any motion to seal must satisfy the legal standard in *Romero v. Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007). Motions that do not satisfy this standard will be routinely denied.

### J.  Oral Argument

If any party desires to have the opportunity for oral argument on a motion, that party should request argument in its motion (or response).

To develop future generations of practitioners, in deciding whether to have argument the court will consider, among other things, whether an attorney with fewer than seven years of experience will be arguing. If the court grants the request for oral argument and one of the participating attorneys has fewer than seven years of experience, the court will give the parties additional time for argument to provide a more experienced attorney the opportunity to supplement the less experienced attorney's argument (and an appropriate response).

All attorneys will be held to the highest professional standards. All attorneys are expected to be prepared and to have a degree of authority commensurate with the proceeding. The court recognizes that there may be many different circumstances in which it is not appropriate for a newer attorney to argue a motion. Thus the court emphasizes that it draws no inference from a party's decision not to have such an attorney argue any particular motion. Additionally, the court draws no inference

about the relative importance of a particular motion, or about the merits of a party's

arguments, from the party's decision to have (or not to have) a newer attorney argue

the motion.

      **DONE** and **ORDERED** this 26th day of July, 2023.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

**APPENDIX I**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**_____ DIVISION**

| | |
|---|---|
| **[Name of plaintiff(s)],** | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| **v.** | ) **Case No.:** |
| | ) |
| **[Name of defendant(s)],** | ) |
| | ) |
| **Defendant(s).** | ) |

<u>**QUALIFIED HIPAA PROTECTIVE ORDER**</u>

The court **GRANTS** the parties the right, upon compliance with the applicable

discovery provisions of the Federal Rules of Civil Procedure and the orders of this

court, to obtain from any health care provider, health plan, or other entity covered

by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-

191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past,

present, or future medical condition of any individual who is a party to this action

(or the decedent or ward of a party who sues in a representative capacity), as well as

any and all information relating to the provision of health care to such individual and

payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The court expressly prohibits the parties from using or disclosing the Protected Health Information obtained pursuant to this order for any purpose other than this action. Further, the court orders the parties either to return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

**DONE** and **ORDERED** this _____ day of _____, _____.


_____
Anna M. Manasco
United States District Judge

# APPENDIX II

# SUMMARY JUDGMENT MOTION PRACTICE

**This appendix contains mandatory instructions that must be followed.** Except for good cause shown, briefs and evidentiary submissions that do not conform to the following requirements may be stricken.

## I. SUBMISSION DATES

The court will set a deadline for the parties to file dispositive motions. Any motion for summary judgment and briefs and evidentiary submissions must be filed on or before that deadline. The opponent's responsive brief must be filed no later than twenty-one days after the movant's brief, unless otherwise ordered by the court. The movant's reply brief, if any, must be filed no later than fourteen days after the date on which the opponent files its responsive brief, unless otherwise ordered by the court. If the due date for a response or reply falls on a weekend or court holiday, the due date shall be the next business day. To ensure that each party is afforded a full and fair opportunity to be heard, the parties must deliver copies of briefs and evidentiary submissions to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## II. SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections (a) a

statement of allegedly undisputed relevant material facts (or rebuttal to such statement, for an opposition filing) and (b) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained below.

## III.   REQUIREMENTS FOR BRIEFS

### A. Format

Initial and response briefs are limited to thirty-five pages. Reply briefs are limited to fifteen pages. Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double-spaced (except for quotations exceeding fifty words, which may be block indented from the left and right margins and single-spaced) using fourteen-point Times New Roman typeface.

**The court will not consider arguments incorporated by reference to earlier filings and will not consider substantive arguments made in footnotes.** The court may strike any brief that would exceed the page limits because of attempts to incorporate by reference or include substantive arguments in footnotes.

### B. Submissions

The parties must electronically file the original brief. The parties also must e-mail to Manasco_chambers@alnd.uscourts.gov such brief in Microsoft Word format, contemporaneously with the filing of the brief.

### C. Manner of Stating and Supporting Facts

Counsel must state facts in clear, unambiguous, simple, declarative sentences. All statements of fact, in all sections of the brief, must be supported by specific reference to the CM/ECF document and page number of the evidentiary submission. **COMPLIANCE WITH THIS REQUIREMENT WILL NECESSITATE FILING THE EVIDENTIARY SUBMISSION IN SUPPORT OF THE BRIEF SEPARATELY FROM THE BRIEF AND MAY NECESSITATE FILING THE EVIDENTIARY SUBMISSION ONE OR MORE DAYS PRIOR TO FILING THE BRIEF. BOTH THE BRIEF AND EVIDENTIARY SUBMISSION MUST BE FILED ON OR BEFORE THE FILING DEADLINE.**

### 1.     Moving Party's Initial Statement of Facts

The moving party's brief must set forth each material fact that, when construed in the light most favorable to the non-moving party, the movant contends is true, material, and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each statement of fact must

be followed by a specific reference to those portions of the evidentiary record that the movant claims support it.

### 2.     Opposing Party's Statement of Facts

Each party opposing a summary judgment motion also must submit a statement of facts.  This statement of facts must include (although not necessarily in this order) (1) the non-movant's disputes, if any, with the movant's claimed undisputed facts; (2) additional undisputed facts, if any, that the non-movant contends require denial of summary judgment; and (3) disputed facts that the non-movant contends require denial of summary judgment.  Each statement of fact must be followed by a specific reference to those portions of the evidentiary record that the opposing party claims support it.

All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.

### 3.     Moving Party's Reply

The reply submission, if any, must include the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts.  Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. All additional material facts set forth in the statement required of the opposing parties

will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.

## IV.   REQUIREMENTS FOR EVIDENTIARY SUBMISSIONS

To facilitate the court's requirement that the parties' briefs cite to CM/ECF document and page numbers, the parties must electronically file all evidentiary materials (*e.g*., affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions separately from their briefs and before they file their briefs in support of or opposition to summary judgment.

Any party opposing a summary judgment motion may reference materials in the moving party's evidentiary submission without refiling those materials. Parties should refrain from re-submitting additional copies of the same documents.

### A. Organization

The evidentiary submission must include a table of contents that includes a brief narrative description of each document included: *e.g*., "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e*., "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more than one page, each page must be separately numbered.

### B. Depositions

The parties must submit entire depositions, even if they rely only on excerpts, including all exhibits to the depositions. Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½ by 11 inch page.

### C. Submissions

The parties must electronically file their evidentiary submissions. The parties must also submit to the Clerk of Court a courtesy copy of their evidentiary submissions, reflecting the CM/ECF filing stamps at the top of each page, for delivery to the court's chambers. The courtesy copy should follow the instructions for courtesy copies that appear in the Initial Order. Additionally, the courtesy copy should include a tab corresponding to each item of evidence.

Regarding courtesy copies of depositions, parties must include the entire deposition, in travel transcript format consisting of no more than four pages of deposition text per 8 ½ by 11 inch page, as well all exhibits to the depositions with sub-tabs, clearly labeled.

The courtesy copy must be provided to the Clerk within three business days of the electronic filing of the evidentiary submission.

**APPENDIX III**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**_____ DIVISION**

| | |
|---|---|
| **[Name of plaintiff(s)],** | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| **v.** | ) **Case No.:** |
| | ) |
| **[Name of defendant(s)],** | ) |
| | ) |
| **Defendant(s).** | ) |

**<u>REPORT OF THE PARTIES' PLANNING MEETING</u>**

1.  Synopsis of the case: <Provide a brief synopsis of the case that advises the court of the general claims and defenses of the parties. This synopsis must not exceed one page.>

2.  The following persons participated in a Federal Rule of Civil Procedure 26(f) conference on <Date> by <State the  method of conferring>:

    <Name>, representing the <plaintiff(s)>
    <Name>, representing the <defendant(s)>

3.  Initial Disclosures.   The parties [have completed] [will complete by <Date>] the initial  disclosures required by Rule 26(a)(1).

4.  Discovery Plan. The parties propose this discovery plan:

    <Use separate paragraphs or subparagraphs if the parties disagree.>

    (a)    Discovery will be needed on these subjects: <Describe>.
    (b)    <Dates for commencing and completing discovery, including discovery to be  commenced or completed before other discovery.>
    (c)    <Maximum number of interrogatories by each party to another party, along with  the dates the answers are due.>

      (d)        &lt;Maximum number of requests for admission, along with the dates responses are  due.&gt;

      (e)        &lt;Maximum number of depositions by each party, excluding experts and parties.&gt;

      (f)        &lt;Limits on the length of depositions, in hours.&gt;

      (g)        &lt;Dates for exchanging reports of expert witnesses.&gt;

      (h)        &lt;Dates for supplementations under Rule 26(e).&gt;

5.    Other Items:

      (a)        &lt;A date if the parties ask to meet with the court before a scheduling order.&gt;

      (b)        &lt;Final dates for the plaintiff to amend pleadings or to join parties.&gt;

      (c)        &lt;Final dates for the defendant to amend pleadings or to join parties.&gt;

      (d)        &lt;Final dates to file dispositive motions.&gt;

      (e)        &lt;State the prospects for settlement.&gt;

      (f)        &lt;Identify any alternative dispute resolution procedure that may enhance settlement  prospects.&gt;

      (g)        &lt;Suggested trial date and estimate of trial length.&gt;

      (h)        &lt;Other matters.&gt;

Date:  &lt;Date&gt;                    &lt;Signature of the attorney or unrepresented party&gt;

                                        _____

                                        &lt;Printed name&gt;
                                        &lt;Address&gt;
                                        &lt;E-mail address&gt;
                                        &lt;Telephone number&gt;

Date:  &lt;Date&gt;                    &lt;Signature of the attorney or unrepresented party&gt;

                                          _____

                                        &lt;Printed name&gt;
                                        &lt;Address&gt;
                                        &lt;E-mail address&gt;
                                        &lt;Telephone number&gt;